**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 29, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-30038
Summary Calendar

---

JONATHAN JOHNSON,

                                        Plaintiff-Appellant,

versus

F. FLORES, Deputy; HARRY LEE, Sheriff; TAMARA DYER,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CV-3555-F
--------------------

Before JOLLY, DeMOSS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

    Jonathan Johnson, Louisiana state prisoner # 110406, has

moved for leave to proceed *in forma pauperis* ("IFP") in the

appeal of the district court's dismissal as frivolous his 42

U.S.C. § 1983 complaint.  Johnson's motion is a challenge to the

district court's certification that his appeal is not taken in

good faith.  *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

    Johnson's allegations concerning the delay in receiving

medical treatment and the denial of adequate medical treatment do

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not demonstrate that the defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Johnson's allegations demonstrate, at most, negligence and disagreement with the treatment received; such conduct does not establish a constitutional violation. *Estelle*, 429 U.S. at 106; *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

Johnson has not shown that the district court erred in certifying that an appeal would not be taken in good faith. He has not shown that he will present a nonfrivolous issue on appeal. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is DENIED and the appeal is DISMISSED as frivolous. *Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal and the district court's dismissal of Johnson's 42 U.S.C. § 1983 complaint as frivolous each count as strikes under the Prison Litigation Reform Act. *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Johnson is WARNED that if he accumulates three strikes under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; THREE STRIKES WARNING ISSUED.